*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0888**

State of Minnesota,
Respondent,

vs.

Rashad Darnell Norwood,
Appellant.

**Filed May 31, 2016
Affirmed
Peterson, Judge**

Ramsey County District Court
File No. 62-CR-14-3518

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, Yini Zhang (certified student attorney), St. Paul, Minnesota (for respondent)

Craig E. Cascarano, Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Randall, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal from a conviction of second-degree possession of a controlled substance, appellant challenges the district court's denial of his motion to suppress evidence, arguing that the search of his vehicle was not supported by probable cause. We affirm.

**FACTS**

St. Paul Police Officer James Storey worked on the force unit investigating street-level narcotics offenses and other quality-of-life crimes. On May 14 and 15, 2014, an informant told Storey about a drug shipment that would be occurring on May 15. The informant said that a shipment of drugs from Rochester would be delivered to 1466 Danforth Street and that the delivery would be made in a 1998 or 1999 silver Cadillac DeVille, which would turn onto Danforth Street from Arlington Avenue and park in front of the house. The informant said that the person who would be driving was named Darnell Norwood and described him as a black male in his mid-30s, about 5 feet, 9 inches tall with a muscular build. Storey ran a driver's license check on appellant Rashad Darnell Norwood and saw that he matched the physical description and age range given by the informant. Storey showed the informant Norwood's picture, and the informant confirmed that Norwood was the person he had described.

On May 15, the informant accompanied Storey and another officer to conduct visual surveillance of 1466 Danforth Street. Sometime between 7:30 and 7:45 p.m., a silver Cadillac turned onto Danforth Street from Arlington Avenue. The Cadillac was an older

model that appeared to be in the year range given by the informant. Storey visually identified the driver as Norwood, and the informant confirmed the driver's identity. The informant also confirmed that the Cadillac was the car that he had described. The officers stopped the Cadillac and searched it. They found narcotics in a duffel bag in the trunk.

Norwood was arrested and charged with one count of first-degree possession of a controlled substance in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2012), and one count of second-degree possession of a controlled substance in violation of Minn. Stat. § 152.022, subd. 2(a)(1) (2012). At a *Rasmussen* hearing, Norwood moved to suppress the drugs, arguing that the stop and warrantless search of the car were illegal.

At the hearing, Storey testified that he had previously received information from the informant and that he had corroborated the information based on facts already known to him and based on other sources. The previously provided information did not lead to a search warrant, arrest, or conviction. But based on corroboration of that information, Storey deemed the informant reliable.

The district court ruled from the bench that the stop and search were legal. The parties agree that the case was submitted to the district court for decision on stipulated facts. The district court found Norwood guilty of second-degree possession of a controlled substance and dismissed the charge of first-degree possession of a controlled substance. This appeal followed sentencing.

## D E C I S I O N

The United States and Minnesota Constitutions protect individuals against unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A search

3

conducted without a warrant is unreasonable unless it satisfies a well-established exception to the warrant requirement. *State v. Lester*, 874 N.W.2d 768, 771 (Minn. 2016).

> There is a well-established exception to the search warrant requirement for cases involving transportation of contraband goods in motor vehicles. The United States Supreme Court has recognized that "[g]iven the nature of an automobile in transit, * * * an immediate intrusion is necessary if police officers are to secure the illicit substance." *United States v. Ross*, 456 U.S. 798, 806-07, 102 S. Ct. 2157 (1982); *see also Carroll v. United States*, 267 U.S. 132, 149, 45 S. Ct. 280 (1925); *State v. Maldonado*, 322 N.W.2d 349, 352-53 (Minn. 1982). Under this "motor vehicle exception," the police may search an automobile without a warrant if they have "probable cause for believing that [the] vehicles are carrying contraband or illegal merchandise." *Carroll*, 267 U.S. at 154, 45 S. Ct. 280. However, even if a search is supported by probable cause, the scope of the search and any detention of the suspect must still be reasonable. *See State v. Blacksten*, 507 N.W.2d 842, 846 (Minn. 1993).

*State v. Munson*, 594 N.W.2d 128, 135-36 (Minn. 1999). Probable cause to search exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985) (quotation omitted). The district court's determination of probable cause is reviewed de novo. *Lester*, 874 N.W.2d at 771.

Whether information provided by an informant can establish probable cause to search depends on the totality of the circumstances, including the informant's veracity and credibility. *Munson*, 594 N.W.2d at 136. "Having a proven track record is one of the primary indicia of an informant's veracity." *Id.* But a proven track record by itself is insufficient to establish probable cause. *State v. Cook*, 610 N.W.2d 664, 668 (Minn. App.

2000), *review denied* (Minn. July 25, 2000). The information provided by the informant must also show a basis of knowledge. *Id.*

> This basis of knowledge may be supplied directly, by first-hand information, such as when [an informant] states that he purchased drugs from a suspect or saw a suspect selling drugs to another; a basis of knowledge may also be supplied indirectly through self-verifying details that allow an inference that the information was gained in a reliable way and is not merely based on a suspect's general reputation or on a casual rumor circulating in the criminal underworld. Assessment of the [informant's] basis of knowledge involves consideration of the quantity and quality of detail in the [informant's] report and whether police independently verified important details of the informant's report.

*Id.* (citation omitted).

In *Munson*, the supreme court upheld the search of the defendant's Blazer based on an informant's tip when the informant had a proven track record and police independently corroborated specific details of the informant's tip. 594 N.W.2d at 136-37. Before stopping the Blazer, the police corroborated the vehicle's type, year, color, registration, destination, and arrival time. *Id.* at 136. After stopping the Blazer but before searching it, the police confirmed the identities of two of the Blazer's occupants. *Id.* The supreme court held "that the corroborated details of the [informant's] tip, together with the past reliability of the [informant], gave the police probable cause to believe that the Blazer was carrying illegal drugs and thus justified the search of the Blazer under the motor vehicle exception." *Id.* at 136-37.

Norwood argues that the informant's basis of knowledge was insufficient because the information the police corroborated was consistent with innocent activity, and there

5

was no conduct indicating drug activity or drug selling. In *Cook¸* this court held that the police lacked probable cause to arrest the defendant when the informant described the defendant's clothing, physical appearance, vehicle, and present location, and the police corroborated that a man who matched the description provided by the informant was leaving the location and getting into the driver's side of a vehicle that matched the description provided by the informant. 610 N.W.2d at 668-69. This court stated that two important distinctions between *Cook* and *Munson* were that, in *Munson*, the informant predicted future behavior and the police confirmed the identities of two occupants before searching the vehicle. *Id.* at 668-69.

The facts that the informant in *Cook* provided were all about things that anyone could have observed at the time the informant provided the tip. In this case, in contrast, the informant predicted Norwood's future behavior. Before the police searched Norwood's car, they corroborated the type, year range, color, and destination of the car and the driver's identity. These corroborated details, together with the informant's past reliability, established probable cause to believe that illegal drugs would be found in Norwood's car.

**Affirmed.**